IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
SOUTHERN DIVISION

| | |
|---|---|
| EDUARDO FLORES BARAJAS, : <br> on behalf of himself and all other similarly : <br> situated individuals, : <br>   : <br> Plaintiffs, : <br>   : <br> v. : <br>   : <br> XL FOUR STAR BEEF HOLDINGS (IDAHO) : <br> & : <br> XL FOUR STAR BEEF, INC. : <br>   : <br> Defendants. : <br>   : | Docket No. <br><br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs, by and through their undersigned counsel, on behalf of themselves and other similarly situated individuals either currently or formerly employed by Defendants, XL FOUR STAR BEEF HOLDINGS (IDAHO), and XL FOUR STAR BEEF, INC. (hereafter collectively referred to as "XL Four Star"), at their meat processing facility in Nampa, Idaho, for their Representative Action Complaint against XL Four Star alleges, upon information and belief, except as to the allegations that pertain to the named Plaintiffs and their counsel, which are based upon personal knowledge, as follows:

1

I.      **INTRODUCTION**

1.      The named Plaintiff brings a Collective action against XL Four Star under federal law pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., on behalf of him self and all other similarly situated current and former production and support employees of XL Four Star's meat processing facility in Nampa, Idaho for unpaid wages and unpaid overtime wages, liquidated damages, costs and attorneys' fees.

2.      At all times relevant to this Complaint from approximately January 2007 forward, Plaintiffs have worked at XL Four Star's meat processing facility located in Nampa, Idaho.

3.      During the relevant time period in this case, XL Four Star has failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by federal law.  The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, obtaining and sanitizing sanitary and safety equipment and clothing, obtaining tools, equipment and supplies necessary for the performance of their work, "working" steels and all other activities in connection with these job functions, and walking between work sites after the first compensable work activity and before the last compensable work activity.  These unpaid work activities took place before and after paid time, and during both paid breaks and unpaid lunch breaks.

4.      At all times relevant to this Complaint, upon information and belief, Defendant XL Four Star has refused to pay their workers for, *inter alia*, time spent donning and doffing clothing, personal protective equipment, time spent sanitizing persons and personal protective equipment (hereinafter "PPE"), time spent waiting in lines and

walking (after the continuous work day's first principal work activity, i.e., commencing to don PPE) despite the fact that Plaintiffs spend as much as 30 minutes or more per day performing uncompensated work activities as described in this Complaint.

## II.     JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiffs' federal claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 216 (b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

6.      Venue is proper in this federal judicial district pursuant to 28 U.S.C. 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant XL Four Star resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## III.    PARTIES

7.      Plaintiff, Eduardo Flores Barajas, is a resident of Nampa, Idaho.  Plaintiff, on behalf of himself and all other similarly situated individuals, asserts federal claims under the Fair Labor Standards Act as a representative collective action pursuant to 29 U.S.C. § 216(b), on behalf of him self and all other similarly situated current and former employees who work or worked at XL Four Star's meat processing facility located in Nampa, Idaho, which opened in or about January of 2007.

8.      Defendants are both Delaware corporations, which own and operate numerous beef slaughter and processing facilities located throughout the United States and Canada, including a cow slaughter and processing facility located in Nampa, Idaho, which was opened for operations, in or about January of 2007.  Both Defendants are corporations

engaged in interstate commerce and in the production of goods for commerce throughout the United States.  Defendants can both be served with original service of process through their agent for service, Corporation Service Company, 1401 Shoreline Drive, Suite 2, Boise, ID 83702-0363.

### IV.     COLLECTIVE ACTION ALLEGATIONS

9.      XL Four Star owns and operates a meat processing facility in Nampa, Idaho which opened in or about January 2007.  The complained of unlawful compensation system at issue in this Complaint has affected Defendant XL Four Star's current and former production and support employees uniformly at this location.  At all times relevant to this Complaint, XL Four Star has utilized the same compensation system complained about herein.

10.     Under XL Four Star's wage compensation system, Plaintiffs and others similarly situated who are production employees are paid only during the time that they are present on the actual production assembly line under a system known as "gang time" or "line time."  XL Four Star, as a matter of policy and practice, did not and does not pay their employees for all required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as: donning and doffing clothing and protective equipment, cleaning and sanitizing that equipment, walking to their lockers and/or production line after already performing compensable activities, and at the end of the work day, walking to the wash stations and then to their lockers and/or supply rooms before the end of compensable time, working on knife maintenance and sharpening equipment known as "steels" or "mousetraps", and waiting

in line to receive required knives, supplies, tools and equipment needed for production line activities. Defendant XL Four Star also required their employees to be present at the production line for periods after their "gang time" (i.e. the time when they stop getting paid) but they are not paid for that time.

11. Pursuant to federal regulations and Defendant XL Four Star's own internal policies and procedures, Plaintiffs and Class members were required to wear uniforms and special personal protective equipment ("PPE") for personal protection and to protect the consumers of XL Four Star's beef products from human generated bio hazards (e-coli, hepatitis, and other potentially deadly pathogens and diseases). Uniforms include shirts, pants, and frocks. PPE includes, *inter alia*, plastic aprons, belly guards, wrist guards, mesh sleeves, plastic sleeves, sheaths, gloves, mesh gloves, cut resistant plastic gloves, cotton gloves, mesh aprons, hardhats, scabbards, hairnets, earplugs, coveralls, eye protection, boots, and other protective equipment and coverings. Most of Defendant XL Four Star's employees use knives and other sharp instruments in the course of their work and the PPE was designed to protect them from injury. The PPE and other required gear are also designed to protect XL Four Star's meat products from contamination by food borne diseases.

12. As a consequence of the compensation system utilized by Defendant XL Four Star, Plaintiffs and Class members were not fully paid at the beginning of each shift for the time it takes to don uniforms, obtain gear, maintain gear, walk from the supply rooms to their lockers and/or from their lockers to sanitation stations and then to production areas, and sanitize the required PPE, walk to production areas and don PPE.

13. At the beginning of each work day, Plaintiffs and other workers similarly situated are required to report to their lockers to don their uniforms. Production employees are required to obtain their PPE, walk to storage areas and obtain knives and other gear, work their steels and/or mousetraps, walk to the sanitation stations and sanitize their persons, walk to the production lines and don the PPE <u>before</u> paid time begins. Plaintiffs were not paid for these work activities.

14. Pursuant to Defendant XL Four Star's compensation system, employees are not fully compensated for time spent before or after paid time working steels or mousetraps, which is a necessary task for the performance of their job.

15. During their unpaid lunch and other paid or unpaid breaks, Plaintiffs and other similarly situated workers had to remove their PPE, clean their PPE, and then re-don it at the end of breaks. These employees were not paid anything or were not fully paid for performing these work activities.

16. After the end of paid time, employees were required to finish their work on production and other activities, walk to wash stations, wait in line to wash the PPE, knives and other gear, wash their PPE, knives, gear and their persons, walk to their lockers, doff their uniforms and PPE and stow the uniforms, PPE, knives and other gear in their lockers.

17. According to Defendant XL Four Star's compensation system, Plaintiffs and Class Members were not paid during the time after "gang time" (when compensation stops) although they continued to work on final production tasks and then walk to and wait at wash areas, doff PPE, wash PPE and gear (as well as their own bodies), walk to lockers, doff uniforms and stow gear and uniforms.

18. As a result of Defendant XL Four Star's compensation system, and other practices and policies followed by XL Four Star, Plaintiffs and other similarly situated workers are not paid for all of the time that they worked and they have not been paid for all of the time they have worked since the inception of operations at the Nampa facility.

19. Plaintiffs and all similarly situated individuals who work and/or worked at Defendant XL Four Star's meat processing facilities in Nampa, Idaho were and are deprived of their lawful wages under federal law in the same manner.

20. Defendant XL Four Star's failure to pay Plaintiffs and Class members their lawful wages was and is willful. Defendant XL Four Star knew or should have known that their conduct was unlawful and/or showed reckless disregard for the matter of whether their above-described conduct was prohibited by law. Defendant XL Four Star did not have written authorization from any Plaintiff worker to withhold, divert or deduct any portion of Plaintiffs' and other workers' wages that are at issue in this Complaint.

21. Despite their knowledge that time spent by Plaintiffs and Class members, as described above, was compensable time under both state and federal law, Defendant XL Four Star has refused to fully compensate workers at the Nampa, Idaho facility for any of this time.

**V.    CAUSES OF ACTION**

### COUNT I

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 et seq.**
**All Plaintiffs v. Defendants, XL Four Star Beef Holdings (Idaho), Inc., and XL Four Star Beef, Inc.**

22. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

23.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, XL Four Star was and is obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

24.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), XL Four Star, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages. Plaintiffs assert that XL Four Star's refusal to pay for time worked was willful.

25.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

WHEREFORE, Plaintiffs pray for the following relief against Defendant XL Four Star:

A.  That this Court permit this action to go forward as a representative action pursuant to 28 U.S.C. § 216(b) and approve notice of this action to all other similarly situated at XL Four Star's Nampa, Idaho facility.

B.  That this Court Order an accounting of lost wages for Plaintiffs;

C.  That this Court award lost overtime wages, liquidated damages, statutory penalties, interest, costs and attorney's fees.

D.  That this Court Order injunctive relief, mandating that Defendants pay its  current and future hourly employees for all time worked.

Respectfully submitted,

/s/ Bruce Skaug
BRUCE SKAUG
IDAHO Bar #: 3904
Goicochea Law Offices
1226 East Karcher Road
Nampa, ID 83686
Phone:  (208) 466-0030
Facsimile:  (208) 466-8903

PHILIP A. DOWNEY
Pennsylvania Bar # 81603
P.O. Box 736
Unionville, PA 19375
Phone:  (610) 324-2848
Facsimile:  (610) 347-2507

BRIAN P. MCCAFFERTY
Pennsylvania Bar # 66257
Kenney Egan McCafferty & Young
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Phone:  (610) 940-9099
Facsimile:  (610) 940-0284
E-mail:  cafstar@aol.com

**Attorneys for Plaintiffs**

DATED:  October 6, 2007