IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
SOUTHERN DIVISION

| | |
|---|---|
| EMMA BANUELOS, NORA BENAVIDES, FRANCISCA LOPEZ CHAVEZ, ISABEL MENDOZA CRUZ, ALMA DIAZ, YOLANDA VEGA, AND VERONICA VINGOCHEA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>XL FOUR STAR BEEF HOLDINGS (IDAHO), INC., & XL FOUR STAR BEEF, INC.,<br><br>Defendants. | CASE NO. 1:07-cv-00422-EJL<br><br><br><br>**FINAL APPROVAL ORDER** |

The parties in this action have reached a settlement in this matter, which is before the Court on Plaintiffs' unopposed Motion for Final Approval of Class and Collective Action Settlement (Docket Entry No. 121) (hereinafter, "Motion for Final Approval"), and Plaintiffs' unopposed Motion for Approval of Attorneys' Fees (Docket Entry No. 115) (hereinafter, "Fee Motion"). Upon consideration of the Motion for Final Approval and the Fee Motion, and the parties' joint request at the Final Fairness Hearing for entry of a Judgment and Order dismissing this action with prejudice, as well as all declarations submitted in support of the Motion for Final Approval and the Fee Motion, the proposed notices to class members, and all other settlement documents and the pleadings and filings in the case as a whole, and having concluded that the settlement and accompanying notices appear to be fair, reasonable, and in the best interest of the classes, the Court hereby makes the following findings and conclusions of law:

1.      On September 25, 2009, this Court (in Docket Entry No. 108) granted preliminary approval to the parties' proposed Settlement Agreement. On October 16, 2009, this Court (in Docket Entry No. 112), entered an Order on a joint stipulation with additional provisions relating to the notice, claim form, and settlement procedure. On January 4, 2010, the Court entered Docket Entry Order No. 120 granting the Fee Motion and specifically granting the request for Class Counsel's costs requested in Docket Entry No. 115, and awarding Class Counsel's costs in the amount of $86,634.34.

2.      Notice of the proposed Settlement Agreement was sent to or provided to the 1,618 Settlement Class Members in accordance with the Court's Orders. The Court finds that the notice sent to Settlement Class Members fairly and adequately informed them of the terms of the settlement, was consistent with Federal Rule of Civil Procedure 23, and satisfied the requirements of due process. Defendants gave notice to appropriate state and local officials pursuant to 28 U.S.C. § 1715(b), part of the Class Action Fairness Act of 2005 ("CAFA"). The provisions of 28 U.S.C. § 1715(e) thus do not apply to this case.

3.      No objections were filed to the proposed class action settlement. As of February 22, 2010, only one Settlement Class Member, Lorin F. Noble, requested exclusion from the Settlement. The Settlement Administrator, Ms. Caryn Donly of Rust Consulting, Inc., filed a Declaration with the Court stating that 621 Settlement Class Members have filed valid claims on the settlement fund. The Settlement Agreement does not provide for any reversion of funds to Defendants.

4.      The Court finds that the Settlement Agreement is fair, reasonable and adequate. The settlement confers substantial benefits on the members of the classes. A review of the papers submitted in support of final approval shows that the average award to the class members

is $780.58, and that the highest award is $1,530.10.  The Court finds that these are substantial amounts in satisfaction of the unpaid overtime claims made in this case, which involved difficulties of proof and contested claims.

5. The Court further finds that the settlement was negotiated with the assistance of a mediator, Mr. Michael Loeb, Esq., and that the settlement negotiations were conducted at arms length and were not collusive.  Further, competent and experienced counsel in the area of wage and hour litigation on both sides conducted sufficient discovery to determine that the settlement was fair to the class, and this Court finds that their judgment is entitled to substantial weight.

6. On February 22, 2010, the Court held a Fairness Hearing.  No members of the class appeared at the Fairness Hearing to object.

7. With respect to the award of reasonable attorneys' fees and costs sought by Plaintiffs' Counsel, the Court finds, consistent with its earlier Order, that it is proper to grant the Motion.  Plaintiffs' Counsel have conferred substantial benefits on the members of the Plaintiff classes for the reasons described above.  Moreover, these substantial benefits were obtained by virtue of their timely and efficient handling of this litigation.  The Court finds that the risks associated with litigating the claims in this case were substantial because of, among other things, difficulties of proof in this case noted above, the uncertain state of the substantive law in this area, and the defense arguments.  The Court finds that these factors are sufficient to support the award of attorneys' fees and costs to Plaintiffs' counsel.  Defendants do not oppose the fees sought by Plaintiffs' counsel herein, nor has any class member made any such objection.

IT IS HEREBY ORDERED THAT:

The Court **GRANTS** the Motion for Final Approval (Docket No. 121), finding that the parties' Settlement Agreement is fair, reasonable and adequate within the meaning of Federal Rule of Civil Procedure 23(e) and applicable law. The Court finds for purposes of this settlement that the Idaho State Claims Class and FLSA Collective Class meet the requirements for class certification under Federal Rule of Civil Procedure 23 and as a collective action under 29 U.S.C. § 216(b), respectively. The Court further holds that the Settlement Agreement is fair, adequate and reasonable as to all potential Settlement Class Members, when balanced against the probable outcome of further litigation. At the time the Settlement Agreement was negotiated, counsel for the Parties were reasonably able to evaluate their respective positions. This Settlement will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of these Actions.

1. Consistent with the Settlement Agreement, the Court hereby certifies the following Idaho State Claims Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All current and former hourly production and support employees of XL Four Star who are or were required to don and doff personal protective equipment, and who are or were subject to XL Four Star's gang-time compensation system at its meat processing facility in Nampa, Idaho between February 5, 2007 and September 25, 2009.

2. Consistent with the Settlement Agreement, the Court hereby certifies an FLSA collective action (the "FLSA Collective Class") on behalf of the following group of individuals:

>All current and former hourly production and support employees of XL Four Star who are or were required to don and doff personal protective equipment, and who are or were subject to XL Four Star's gang-time compensation system at its meat processing facility in Nampa, Idaho between February 5, 2007 and September 25, 2009.

3. The Court hereby appoints the following firms as Class Counsel in this matter: Schneider Wallace Cottrell Brayton Konecky LLP, Berger & Montague, P.C., the Downey Law Firm, LLC, and Goicoechea Law Offices, LLP.

4. The Court **GRANTS** Plaintiffs' request for service awards in the amount of $3,000 to each of the Class Representatives ($21,000 total). The Court finds that the Class Representatives were of genuine assistance in the conduct of this litigation, and that they acted in the best interests of the class.

5. The Court **GRANTS** the Fee Motion (Docket No. 113) and awards $447,000 in attorneys' fees to Class Counsel, and $86,634.34 to Class Counsel in reimbursement of their out-of-pocket costs (Docket No. 120).

6. This Order incorporates by reference the definitions in the Settlement Agreement, attached as Exhibit 1 to the Motion for Final Approval, and all terms defined therein shall have the same meaning in this Order as set forth therein.

7. The remainder of the Gross Settlement Amount that Defendants deposited with the Claims Administrator shall be distributed in accordance with the provisions set forth in the parties' Settlement Agreement. The Claims Administrator shall mail payment to the Eligible Class Members who have already made claims on the settlement fund by not later than three

weeks from the date of this Order. The Court approves the proposed $50,621.42 in fees and costs as billed by the Claims Administrator (this is a maximum amount). In approving this Settlement and the Plaintiffs' Fee Motion, the Court notes that there is no reversion to Defendants of any part of the Gross Settlement Fund. Pursuant to the Settlement Agreement, any portions of the Net Settlement Amount that is not claimed by Class members shall be paid to *cy pres* recipient The Idaho Food Bank.

8. The Court hereby Orders Class Counsel and the Settlement Administrator to submit a report to the Court on the disbursement of the settlement funds herein by no later than 90 days from the date of this Order. The status report shall provide all details concerning the administration and distribution of this Settlement.

9. The Court hereby gives final approval to all terms of, and provisions contained in, the Settlement Agreement in this matter. Each and every Representative Plaintiff and Eligible Class Member of the Idaho State Claims Class and the FLSA Collective Class are bound by the Releases and other terms contained in the Settlement Agreement, and the Defendants similarly are bound by all terms of that Settlement Agreement.

10. The Court hereby directs entry of final judgment in this case and dismissal with prejudice in accordance with the terms of the Settlement Agreement. The dismissal with prejudice shall not apply to the class member who excluded herself from the Settlement.

11. Without affecting the finality of this Order in any way, the Court reserves exclusive and continuing jurisdiction over this action, the named Plaintiffs, the certified Settlement Classes, and the Defendants for purposes of supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement, the Preliminary Approval Order, this Order, and the distribution of all settlement payments and tax forms.

SO ORDERED.

DATED: **February 22, 2010**

Honorable Edward J. Lodge
U. S. District Judge